IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN GANG,

                Plaintiff,

v.                                        OPINION and ORDER

ANDREW SAUL, Commissioner of              19-cv-731-jdp
Social Security Administration,

                Defendant.

---

      Plaintiff John Gang asks the court to reverse a decision by defendant Andrew Saul, Social Security Administration Commissioner, denying Gang's application for disability insurance benefits. Dkt. 1. The only question on appeal is whether the administrative law judge (ALJ) erred by denying Gang's request for reconsideration and a hearing as untimely. Gang contends that he had good cause for missing the deadline, but the ALJ's conclusion to the contrary was supported by substantial evidence, so the court will affirm the commissioner's decision.

## BACKGROUND

      Gang's application for disability insurance benefits was initially denied on June 19, 2018. R. 37.[1] He requested reconsideration on August 24, and the agency again determined that he was not disabled in a notice dated November 30. R. 27, 36. Pursuant to 20 C.F.R. § 404.933(b)(1), the notice stated that Gang had 60 days to request a hearing before an ALJ, beginning on the day after he received the denial. R. 28. In accordance with agency regulations,

---

[1] Record cites are to the administrative transcript, located at Dkt. 7.

the letter stated that Gang was presumed to have received the notice five days after the dismissal date unless he showed that he did not receive it within the five-day period. R. 28. Under this presumption, Gang's deadline to submit a request for a hearing was February 3, 2019.

Gang did not request an administrative hearing until March 28, 2019. R. 24–25. Along with his hearing request, he included a letter from his attorney, Curtiss N. Lein, stating that neither Gang nor Lein had received the denial notice. R. 26. Lein wrote that he had learned about the denial only because he had contacted the agency himself after not receiving a response to his request for a hearing. Lein did not include a declaration or any other evidence to support his contention that neither he nor Gang had received the denial notice.

ALJ Virginia Kuhn dismissed Gang's request for a hearing as untimely, concluding that Gang had not shown good cause for missing his deadline. R. 22–23. She noted that the denial notice was mailed to the address of record for both Gang and Lein and that neither notice had been returned as undeliverable.

Gang asked the agency's Appeals Council to review the ALJ's dismissal. In support of his request, he submitted an affidavit in which he said that he checked the status of his claim online on December 20, 2018, and saw that his claim had been denied. R. 5. He said that he did not know what this meant, so he called Lein's office and reported that his claim had been denied. Gang also submitted an affidavit from Jennifer L. Tom, Lein's secretary. R. 6–7. She said that Gang had told her on December 20 that his application had been denied as of November 30. She said that she called a woman named Cara at the regional agency office and left a message asking for an explanation of the status of Gang's case, after which she called several more times, never receiving a response. However, during a conversation between Tom

and Cara on another matter in early March, Cara raised the issue of Gang's denial, after which Cara sent a copy of the denial to Tom. Tom then submitted a request for a hearing on March 28, which the ALJ denied as described above.

The Appeals Council declined review of the ALJ's decision in July 2019.

ANALYSIS

A failure to request a hearing by the deadline to do so may be excused if there is good cause for the failure. 20 C.F.R. § 404.933(c). An ALJ's conclusion that a claimant did not have good cause must be supported by substantial evidence, *Boley v. Colvin*, 761 F.3d 803, 808 (7th Cir. 2014), and the decision must be based on the record that was before the ALJ at the time of the decision, *Eads v. Sec'y of Health & Human Servs.*, 983 F.2d 815, 817 (7th Cir. 1993). The "substantial evidence" standard is not highly demanding: it requires only that the ALJ's decision be supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010).

The ALJ's conclusion that Gang lacked good cause for missing his deadline was supported by substantial evidence. The only evidence that Gang offered the ALJ was Lein's unsworn statement that neither he nor Gang had received the denial letter. But courts routinely conclude that a claimant's unsupported assertions that he did not receive notice is not enough to show good cause. *See, e.g.*, *Pettway v. Barnhart*, 233 F. Supp. 2d 1354, 1356–57 (S.D. Ala. 2002) (collecting cases). With Gang offering nothing else to rebut the presumption that he had received the denial notice within five days, the ALJ was justified in concluding that he lacked good cause.

On appeal to this court, Gang submits a three-page brief contending that he had good cause, Dkt. 15, but his arguments are not persuasive. He repeats his allegation that neither he nor Lein received the November 30 notice of denial. But at this point, the question isn't whether Gang received notice; it is whether the ALJ's determination that he did is supported by substantial evidence. Gang must offer something more than another assertion that he never received notice.

Gang questions the ALJ's finding that notice "was mailed to the correct address of record for both the attorney and the claimant," R. 23. He says that "the USPS is an agency of the U.S. Government and thereby an agent of the same government as SSA." Dkt. 15, at 2. Gang does not explain how the fact that both the Social Security Administration and the Postal Service are federal agencies undermines the ALJ's finding that the notice was mailed to the correct address. Counsel cites no evidence that the two agencies have somehow colluded to prevent Gang from getting notice of the denial, if that is his implication.

Gang speculates that Lein did not receive the denial notice because the copy of the notice that the agency sent in March 2019, after Tom's request, showed that the notice was addressed only to Gang, and not to both Gang and Lein. *See* R. 9–12. But he raises this point for the first time in his reply brief, Dkt. 17, so he has waived the argument. But even if not waived, it's not persuasive. The evidence would show only that Lein did not get the notice, but it confirms that notice was addressed to Gang himself.

Gang contends that he requested a hearing "expeditiously" after he became aware of the agency's denial, Dkt. 15, at 2. But the affidavits that Gang submitted to the Appeals Counsel show that this was not the case. According to Gang, he learned on December 20, 2018, that his request for reconsideration had been denied. He told this to Tom on the same day,

4

who left a message with the agency. When he found out about the denial, Gang and counsel still had more than a month to request a hearing by the 60-day deadline on February 3, 2019. Tom left more messages with the agency, but Gang's counsel did not request a hearing until March 28, 2019, more than three months after Gang and Lien's office had learned about the ALJ's decision. The only excuse that Lein offers for this delay is that a hearing request must include the date on which the reconsideration request was denied, which he says he could not provide because he did not have a copy of the denial letter. But Tom states in her affidavit that, on December 20, Gang told her of the November 30 denial date. Gang does not explain why he could not have included this date in a hearing request based on this information.

The ALJ's determination that Gang lacked good cause for missing his deadline to request a hearing was supported by substantial evidence. Accordingly, the court will deny Gang's motion for summary judgment.

ORDER

IT IS ORDERED that plaintiff John Gang's motion for summary judgment, Dkt. 15, is DENIED and the administrative decision is AFFIRMED. The clerk of court is directed to enter judgment in favor of defendant and close this case.

Entered May 6, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge